UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| ROBERT THOMAS | : | JULY 24, 2009 |

**RULING RE: MOTION FOR REDUCTION IN SENTENCE (Doc. No. 2354)**

In response to this court's Order to Show Cause, defendant Robert Thomas has filed a Motion for Reduction in Sentence (Doc. No. 2354) in which he seeks to benefit from the retroactive change in the sentencing guidelines for crack-cocaine offenses. The government has opposed his Motion. See Doc. No. 2376.

At sentencing,[1] the court determined that Thomas was a career offender. Sentencing Tr. (2/16/2006) at 31. Without career offender status, Thomas's offense level would have been 28,[2] and his criminal history category VI. Id. at 31-32. As such, Thomas would have faced a guidelines range of 140 to 175 months' imprisonment. Because he was a career offender, however, the sentencing guidelines increased his offense level to 37, with his criminal history remaining VI. Id. This meant that Thomas faced a guidelines range of 360 months to life imprisonment. The court did not award Thomas credit for acceptance of responsibility under U.S.S.G. § 3E1.1.

---

[1] The court has reviewed the PSR and a transcript of the sentencing proceeding, in connection with the instant Motion.

[2] Pursuant to section 2D1.1, the court found a base offense level of 26 based on a drug quantity of 5 to 20 grams of crack, and pursuant to section 3C1.1 added two points for obstruction of justice, for a total offense level of 28.

1

Pursuant to U.S.S.G. § 4A1.3(b), the court decided that Thomas's career offender guideline over-represented his offense level.  Sentencing Tr. (2/16/2006) at 60-62.  The court declined to depart horizontally with regard to Thomas's criminal history category, but determined that it would depart vertically "down the offense levels," id. at 39, effectively to a level of 30, id. at 71-72.[3]  Following departure, the court imposed a sentence of 180 months.

The section 2D1.1 level applicable to Thomas's quantity has now been lowered by two levels, while the section 4B1.1 (career offender) level remains unchanged.  A sentence reduction pursuant to section 3582(c)(2) "is only appropriate if (a) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (b) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'"  United States v. Martinez, No. 08-3454, — F.3d —, 2009 WL 2004208, at *2 (2d Cir. July 13, 2009) (quoting 18 U.S.C. § 3582(c)(2)).  Under the applicable sentencing commission policy statement, "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(A).  In the recent case of United States v. Martinez, the Second Circuit held that a defendant sentenced as a career offender is not eligible for a sentence reduction, because the career offender guideline

---

[3]At an offense level of 30 and a criminal history category of VI, Thomas's guideline range then became 168 to 210 months.

range was not altered by the crack cocaine amendments.  2009 WL 2004208, at *2-4.

In his Motion, Thomas contends that he is eligible for a sentence reduction, notwithstanding his career offender status, because his sentence was "based on" the old crack-cocaine guidelines insofar as the court specifically considered the § 2D1.1 offense level in determining Thomas's ultimate sentence.  The Second Circuit has determined that a defendant who qualified for career offender status, but was granted a departure under § 4A1.3 and ultimately sentenced based on the crack cocaine guidelines, is eligible for a reduced sentence.  United States v. McGee, 553 F.3d 225 (2d Cir. 2009).  In sentencing Thomas, the court explicitly considered Thomas's § 2D1.1 range during sentencing in determining how far to downwardly depart under § 4A1.3:

> [Thirty-seven] is an overstatement of offense level as a function of career offender status. . . . And I believe that while I will not depart as far down as his original offense level would have been but for career offender . . . I am going to depart somewhere down between what his career offender guideline was at 360 to life and what that should have been without the career offender enhancement which I think is 140 to 175.
> . . .
> I have in effect partially departed to alleviate or eliminate the offense level enhancement.

Tr. at 62, 72.  This case is not on all fours with McGee, however, because the court did not sentence Thomas within the range entirely determined by section 2D1.1.  In such cases, determining whether a defendant's sentence was "based on" section 2D1.1 is not a straightforward task.  As the Second Circuit has noted, a defendant is not sentenced "based on" section 2D1.1 simply "'because the District Court consulted that section in calculating his offense level.'"  Martinez, 2009 WL 2004208, at *2 (quoting

3

United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009)).  Further, the Second Circuit has explained that "to determine which Guideline a defendant's sentence is 'based on' we look only to the end result of the overall calculus—the career offender sentence—and not to the 'interim' steps taken by the District Court."  Id. at *2 n.3 (quoting Mateo, 560 F.3d at 155)).

The court is persuaded, however, that McGee governs this case.  Both Martinez and Mateo involved defendants sentenced squarely within the guideline ranges determined by the career offender guideline, section 4B1.1, with no downward departures for overstatement of criminal history.  While the district courts in both cases computed the defendants' section 2D1.1 base offense level, presumably such a computation was done in order to determine which offense level, the section 2D1.1 or 4B1.1 level, would control.  See U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").  Because the section 4B1.1 level was higher in both cases and the court did not downwardly depart, the section 2D1.1 level played no role in the determination of the ultimate sentence, and therefore, as the Mateo and Martinez courts held, the sentence of those defendants was not "based on" section 2D1.1.

In contrast, in sentencing Thomas, this court consulted the section 2D1.1 level not only in initially calculating Thomas's pre-departure base offense level, see Sentencing Tr. at 31, but again in determining how far to depart for overstatement of

4

offense level as a function of career offender status, see id. at 62.  Further, at
sentencing the court looked to the section 2D1.1 level as a floor for the court's guideline
departure authority.  See United States v. Greger, 339 F.3d 666, 671-72 (8th Cir. 2003)
(holding that in granting a downward departure pursuant to § 4A1.3, the district court
may reduce the criminal history category, offense level, or both, but that a "downward
departure in offense level should not result in a lower offense level than was designated
before the career offender adjustment"); see Sentencing Tr. at 37; 39 (citing Greger,
339 F.3d 666) ("I can go up the table which is really down the offense levels and, you
know, if I'm no lower in offense level than that indicated originally under the guideline
calculation to stay within a guideline departure.").  The court therefore concludes that,
because Thomas obtained a departure under § 4A1.3 and the extent of that departure
was calculated at least in part based upon consideration of the range determined by §
2D1.1, Thomas is eligible for a sentence reduction under McGee.

Thomas also argues that in light of developments in the law since his sentencing,
particularly the decision of the Second Circuit in United States v. Savage, 542 F.3d 959
(2d Cir. 2008), his convictions no longer qualify him for career offender status.  The
court has no authority to consider this argument.  When a guideline change has been
made retroactive, the court's sole authority to reduce a defendant's sentence arises
from 18 U.S.C. § 3582(c).  That statute requires that any sentence reduction be
"consistent with applicable policy statements issued by the Sentencing Commission."
Id.  Here, the relevant policy statement provides that, in determining whether to reduce

5

a defendant's sentence, "the court shall substitute only the amendments . . . and shall leave all other guidelines application decisions unaffected."  USSG § 1B1.10(b)(1). Because the crack-cocaine amendments did nothing to alter the provisions for calculating career offender status, the court must leave its determination that Thomas qualified for career offender status "unaffected."

The court has found that Thomas is eligible for a sentence reduction.  In considering whether to reduce a term of imprisonment, and the extent of any such reduction, the court is required to consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 app. note 1(B)(i).  The court must also consider the "nature and seriousness of the danger to any person or the community" that may be posed by such a reduction, and may consider post-sentencing conduct of the defendant.  Id.

The court declines to exercise its discretion to reduce Thomas's sentence.  At sentencing, in addition to considering the sentencing guidelines and departures therefrom, the court extensively considered all of the factors required by 18 U.S.C. § 3553(a).  While the court has followed its statutory duty to consider the 3553(a) factors in each sentence it has imposed under the advisory guidelines regime, the court considered those factors particularly extensively in Thomas's case.  As the court explained in sentencing Thomas, he was the 49th defendant sentenced in a 50-defendant case, and the only one to go to trial.  Sentencing Tr. at 65.  The court had extensive familiarity with the case and with Thomas's role in it in particular.  Id. at 66.

6

The court considered that his involvement in the conspiracy was very short and his attributed quantity was relatively low.  Id. at 66-67.  The court considered that Thomas was not completely forthright in his trial testimony, and that he had an extensive, sometimes extremely violent criminal history.  Id. at 67-68.  The court also considered the need for specific deterrence of Thomas, considering sentences previously served by the defendant.  Id. at 68-69.  The court explained that a complexity of factors were considered and weighed in Thomas's sentence.

Considering the 3553(a) factors anew in Thomas's case, several factors may counsel in favor of a sentence reduction.  The court has reduced the sentence of a number of Thomas's co-defendants, and therefore the need to reduce unwanted disparities, 18 U.S.C. § 3553(a)(6), could counsel in favor of a reduction, although the court does not conclude that it does.  Similarly, the disparity between sentences imposed for defendants convicted of crack versus powder cocaine offenses more broadly, the subject of the Sentencing Commission's amendments, also supports a reduction.

On balance, however, the 3553(a) factors and public safety considerations do not support a reduction.  As the court has noted, Thomas did not tell the truth in his trial testimony.  He had a criminal history that the court considered "extremely violent." Sentencing Tr. (2/16/2006) at 68.  The sentence the court imposed on Thomas was already a significant downward departure from his career offender guideline range. Finally, the court determined that Thomas's sentence was "fair and appropriate" after

7

consideration of the 3553(a) factors and noted that it would have imposed the same sentence even if the sentencing guidelines had not authorized the sentence the court ultimately imposed.  Id. at 72.

After a full consideration of the relevant factors in Thomas's case, the court determines a reduction in sentence is not appropriate.  Thomas's Motion for Reduction in Sentence (Doc. No. 2354) is therefore DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 24th day of July, 2009.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge